IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERT MORRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3795 |
| | § | |
| AMERICAN HOME MORTGAGE | § | |
| SERVICING, INC. (AHMSI); | § | |
| WELLS FARGO BANK, N.A.; | § | |
| CODILIS & STAWIARSKI, P.C.; | § | |
| JACK O'BOYLE & ASSOCIATES; | § | |
| JANSSEN & ASSOCIATES, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending are Plaintiff's Emergency Motion for Stay (Document No. 2); Janssen & Associates Rule 12(b)(6) Motion to Dismiss and Incorporated Memorandum of Law (Document No. 13); American Home Mortgage Servicing, Inc. and Wells Fargo Bank, N.A.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 14); and Plaintiff's Amended Motion for Leave to Amend Complaint (Document No. 18). After having considered the motions, responses, and applicable law, the Court concludes as follows.

I.  Background

In this *pro se* suit, Plaintiff Albert Morris challenges two state court judgments granting authority to foreclose the lien on

Plaintiff's home and, after foreclosure, awarding possession of the
property:

> 1.  <u>Albert O. Morris and Tilda Morris v. Option One
>     Mortgage Corp.</u>, in which the 400th Judicial
>     District Court of Fort Bend County, Texas, granted
>     Defendant Wells Fargo Bank, N.A. ("Wells Fargo"),
>     as trustee, authority to foreclose the lien and
>     held that Plaintiff take nothing on his
>     subsequently filed claims of fraud, breach of
>     fiduciary duty, and breach of contract against
>     Wells Fargo and Option One Mortgage Corporation
>     ("Option One"), to which Defendant American Home
>     Mortgage Servicing ("AHMSI") is a successor in
>     interest.[1]
>
> 2.  <u>American Home Mortgage Servicing, Successor v.
>     Albert Morris</u>, in which the Fort Bend County Civil
>     Court at Law No. 4 affirmed a justice of the
>     peace's grant of AHMSI's forcible detainer action,
>     which awarded possession of the property to AHMSI.[2]

In accordance with the final judgment issued by the 400th Judicial
District Court of Fort Bend County on May 21, 2008, AHMSI conducted
a foreclosure sale of Plaintiff's house on March 3, 2009.[3]

   This suit is the latest of Plaintiff's repeated legal
challenges to the foreclosure on his home mortgage, on which he

---

[1] No. 05-DCV-143828 (400th Dist. Ct., Fort Bend County, Tex.
May 21, 2008) (Final Judgment); Document No. 21, ex. 2 (copy of
judgment).

[2] No. 09-CCV-039965 (Co. Ct. at Law No. 4, Fort Bend County,
Tex. Aug. 19, 2009) (Judgment of Possession); Document No. 14, ex.
2 (copy of judgment).

[3] *See* Document No. 1 at 1; *see also* <u>In re: Albert O. Morris
and Tilda Morris</u>, No. 09-bk-31539 (Bankr. S.D. Tex.), Document No.
21 at 4.

ceased to make payments in 2005.  The history of Plaintiff's filings reveals an overall strategy of misusing the legal system for continued delay, including the filing in this Court of four frivolous bankruptcy cases to invoke the automatic stay:

- <u>In re: Albert O Morris, Tilda Morris</u>, No. 05-bk-94405 (Bankr. S.D. Tex.), filed October 16, 2005.[4] The case was dismissed for Plaintiff's failure to file necessary documents and to appear at the court's hearing on the United States Trustee's motion to dismiss.[5]  After the court dismissed the case, Plaintiff requested reinstatement.  The court set a hearing, but Plaintiff moved for a continuance the day before the hearing.[6]  The court denied the motion, and Plaintiff again failed to appear.[7]  Plaintiff again moved for reconsideration, which the court denied, warning that if Plaintiff, himself an attorney, filed another pleading "seeking substantially the same relief, the Court will consider whether sanctions against the debtors are appropriate."[8]  The bankruptcy case was closed August 13, 2006.

- <u>In re: Albert O. and Tilda Morris</u>, No. 08-bk-35828 (Bankr. S.D. Tex.), filed September 1, 2008.  The case was dismissed on October 28, 2008 because Plaintiff again failed to file all required

---

[4]  Both Plaintiff and Tilda Morris filed the bankruptcy petition; the Court refers only to Plaintiff for simplicity's sake, as no basis for distinction between the two appears of record in the prior proceedings.  Plaintiff, an attorney, apparently represented both himself and Tilda Morris in each case.

[5]  No. 05-bk-94405 (Bankr. S.D. Tex.), Document No. 23 at 1 (Order Denying Further Reconsideration).

[6]  <u>Id.</u>, Document Nos. 19-21.

[7]  <u>Id.</u>, Document No. 23 at 1.

[8]  <u>Id.</u>, Document No. 23 at 1-2.

documents.[9]  Reconsideration was denied December 3, 2008.[10]

- In re: Albert O Morris, Tilda S. Morris, No. 08-bk-37751 (Bankr. S.D. Tex.), filed December 2, 2008. The case was dismissed on March 17, 2009, upon the Trustee's motion based upon, among other things, Plaintiff's failure to file the proper documents and his failure to appear for the meeting of creditors.[11]

- In re: Albert O. Morris and Tilda Morris, No. 09-bk-31539 (Bankr. S.D. Tex.), filed March 3, 2009. The case was dismissed on July 6, 2010, upon the Trustee's motion to dismiss for Plaintiff's failure to provide a reorganization plan, failure to make required trustee payments, and failure to provide proper notice of a confirmation hearing, plan, and plan summary, among other things.[12]

Plaintiff also engaged in various delay tactics during the pendency of the Fort Bend County District Court action. For example, Plaintiff filed a motion to continue trial on the

---

[9] No. 08-bk-35828 (Bankr. S.D. Tex.), Document No. 21 (Order of Dismissal).

[10] Id., Document No. 35 (Order Denying Debtors' Motion to Re-Open).

[11] No. 08-bk-37751 (Bankr. S.D. Tex.), Document No. 21 (Order Dismissing Case); id., Document No. 19 (Trustee's Motion to Dismiss).  The automatic stay in this case terminated January 1, 2009--30 days after Plaintiff's filing the case--because of the dismissal of Plaintiff's prior bankruptcy case less than a year before this filing.  See 11 U.S.C. §§ 362(c)(3)(A), 707(b)(1).

[12] No. 09-bk-31539 (Bankr. S.D. Tex.), Document No. 55 (Order Dismissing Case); id., Document No. 29 (Trustee's Motion to Dismiss).  The bankruptcy court also held that no automatic stay was in effect at any time during the pendency of this final bankruptcy case.  See id., Document No. 26 (Order Striking Order Extending Automatic Stay and Order Confirming that No Stay is in Effect).

4

foreclosure and Plaintiff's counterclaims, asserting only that a continuance of six months was required to "guarantee[] due process to the parties," and falsely representing in his certificate of conference that Option One and Wells Fargo agreed to the continuance.[13]   Plaintiff also improperly removed the case to federal court just three days before a hearing on Wells Fargo's and Option One's motion for summary judgment, to which Plaintiff had not responded.[14]

In the present suit Plaintiff claims that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  He asserts that "AHMSI was not the proper party to foreclosure, and Wells Fargo is not the proper party to have title," and thus AHMSI was not "the proper party to institute a Forceful Detainer suit against the Plaintiff"[15] because "there has been no showing or proof of any valid assignment [of the mortgage] from Option One Mortgage company."[16]   Further, he alleges that "defendants have violated Texas and federal laws by knowingly filing complaints alleging AHMSI's ownership of the promissory note

---

[13] <u>Albert and Tilda Morris v. Option One Mortgage Corp. & Wells Fargo Bank, N.A.</u>, No. 4:08-cv-148 (S.D. Tex.), Document No. 5, ex. B at 1-2 and ex. C.

[14] <u>Albert and Tilda Morris v. Option One Mortgage Corp. & Wells Fargo Bank, N.A.</u>, No. 4:08-cv-148 (S.D. Tex.), Document Nos. 1, 4.

[15] Document No. 1 at 2 (Plaintiff's Orig. Cmplt.).

[16] <u>Id.</u> at 4.

and mortgage owed by the Plaintiff, when in fact it did not own the notes and mortgages,"[17] and that "there remains no record in any prior litigation involving the Plaintiff and AHMSI showing their legal standing to file suit and/or seek relief against Plaintiff."[18] Moreover, "[n]otwithstanding the patent defect in the chain of assignment of the note and mortgage, foreclosure was granted to Defendant AHMSI in Fort Bend County, and the property was sold to the same Defendant AHMSI at sheriff's auction on March 3, 2009."[19] Thus, Plaintiff prays:

> [T]hat this Court [r]escind the March 3, 2009 foreclosure, and set aside the foreclosure. Plaintiff further plead[s] that this Court issue an emergency Order Staying the execution of the attached Writ of Possession on November 24, 2009 by AHMSI and/or other Defendants, the Fort Bend Constable, Precinct 4, and the Fort Bend Sheriff.[20]

Defendants AHMSI, Wells Fargo, and Janssen & Associates ("Janssen") have moved to dismiss, asserting that the Court lacks subject matter jurisdiction over Plaintiff's claims under the Rooker-Feldman doctrine. Janssen also asserts that Plaintiff has failed to state a claim against it.

---

[17] Id. at 6.

[18] Id. at 5.

[19] Id.

[20] Id. at 7.

Plaintiff opposes both motions, and now seeks leave to amend his complaint.  AHMSI and Wells Fargo respond that Plaintiff's motion for leave should be denied because the proposed amendment is futile and filed to cause delay.[21]  They assert that Plaintiff's proposed amendment still requests that this Court effectively overrule the same prior state-court judgments.

## II.  Jurisdiction

### A.  Legal Standard

The Rooker-Feldman doctrine provides that federal courts lack subject matter jurisdiction to review, modify, or nullify final orders of state courts.  Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000).  The doctrine applies in the limited circumstance of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1521-22 (2005).  It applies when claims, even though not directly passed upon by the state court, are "inextricably intertwined" with its judgment.  See id. at 1523 & n.1 (discussing D.C. Court of Appeals v. Feldman, 103 S. Ct. 1303, 1315-17, 1315 n.16 (1983)).  Thus, a district court also

---

[21] Document No. 21 at 1.

7

lacks subject matter jurisdiction when it is "in essence being called upon to review the state-court decision." <u>Davis v. Bayless</u>, 70 F.3d 367, 375 (5th Cir. 1995) (citations omitted).

B.    <u>Discussion</u>

Plaintiff's Original Complaint asserts that Wells Fargo and AHMSI, respectively, lacked standing to obtain the state court relief they have obtained, and expressly requests that the Court "[r]escind the March 3, 2009 foreclosure, and set aside the foreclosure," and that it issue a stay of execution of the writ of possession issued pursuant to the Fort Bend County Court's order. Because Plaintiff expressly seeks to overturn the decisions of the 400th Judicial District Court of Fort Bend County[22] and Fort Bend County Court at Law No. 4,[23] the Court lacks jurisdiction over the claims on their face under the <u>Rooker-Feldman</u> doctrine. *See* <u>Rooker v. Fid. Trust Co.</u>, 44 S. Ct. 149, 149-150 (1923) (federal district court lacked jurisdiction to "reverse or modify" a state-court judgment, which plaintiffs sought by asking the court to declare the state judgment "null and void, and to obtain other relief

_____

[22] <u>Albert O. Morris and Tilda Morris v. Option One Mortgage Corp.</u>, No. 05-DCV-143828 (400th Dist. Ct., Fort Bend County, Tex. May 21, 2008) (Final Judgment).

[23] <u>Am. Home Mortg. Serv., Successor v. Albert Morris</u>, No. 09-CCV-039965 (Co. Ct. at Law No. 4, Fort Bend County, Tex. Aug. 19, 2009) (Judgment of Possession).

dependent on that outcome"). Thus, the case alleged in the complaint must be dismissed.

### III.  Leave to Amend

#### A.  Legal Standard

The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The Rule "evinces a bias in favor of granting leave to amend." Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981). "However, leave to amend 'is by no means automatic.'" Parish v. Frazier, 195 F.3d 761, 763 (5th Cir. 1999) (quoting Little v. Liquid Air Corp., 952 F.2d 841, 845-46 (5th Cir. 1992)). Whether leave to amend should be granted is entrusted to the sound discretion of the district court. Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993). In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. Id. (citations omitted).

Futility means "that the amended complaint would fail to state a claim upon which relief could be granted." Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000). Thus, the same standard of legal sufficiency as applied under Rule 12(b)(6)

9

determines whether an amendment would be futile. *See* id. Under that standard, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

The Fifth Circuit has also recognized as futile amended claims over which a court would have no jurisdiction. *See* McAfee v. 5th Circuit Judges, 884 F.2d 221, 222-23 (5th Cir. 1989) (leave to amend adding Federal Tort Claims Act allegations would be futile where the plaintiff failed to exhaust administrative remedies, a jurisdictional prerequisite to Tort Claims Act suit).

B.   Discussion

Plaintiff's proposed amended complaint reiterates that "AHMSI did not have Standing nor judicial authority to foreclose on Plaintiff's homestead," and that "AHMSI and Wells Fargo were

10

improper part[ies]; neither AHMSI [n]or Wells Fargo is the proper party to institute any lawsuit against the Plaintiff regarding Title and/or possession of the real property belonging to the Plaintiff."[24]  However, Plaintiff adds that AHMSI "never disclosed or identified itself to the Plaintiff in writing as a debt collector trying to collect a debt and to whom the debt was owed," which Plaintiff alleges violated the FDCPA,[25] which, together with the foreclosure, etc., caused Plaintiff to sustain $20,750,000 in damages.  He also seeks a declaratory judgment "that the Texas state district court's judgment in favor of Option One Mortgage Company to foreclose on Plaintiff's home has in fact not been disturbed or acted upon because AHMSI did not obtain any assignment of judgment prior to [its] own foreclosure action . . . ."[26]

Plaintiff's proposed amendment does not change the nature of his complaint; instead, it remains essentially a challenge to the legality of the foreclosure, which necessarily calls upon this Court to review state-court determinations.  *Cf.* Liedtke v. State Bar of Tex., 18 F.3d 315, 317-18 (5th Cir. 1994) (holding that recasting an attack on a state court judgment in the form of a civil rights action cannot circumvent the Rooker-Feldman doctrine where the claim, "stripped to its essentials, is an attack on the

---

[24] Document No. 18, ex. 2 at 4-5.

[25] Id., ex. 2 at 6.

[26] Id., ex. 2 at 12-13.

judgment of the state district court"). As put by the Eastern District of Pennsylvania when facing similar attacks on lenders' authority to foreclose, whether the parties "had the legal right to foreclose on the mortgage loan . . . has been determined in state court and cannot be reconsidered by a federal court." Sherk v. Countrywide Home Loans, Inc., Civ. A. No. 08-5969, 2009 WL 2412750, at *6 (E.D. Pa. Aug. 5, 2009); *see also* In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005) (the plaintiff "can not prevail on her federal claim without obtaining an order that would negate the state court's judgment" (internal quotation and citation omitted)). On the facts alleged in Plaintiff's proposed amended complaint, his theory for recovery of damages depends upon a finding that impugns the state court judgments--specifically, that Wells Fargo and AHMSI, respectively, had standing to obtain the relief they obtained. The proposed amended claims are thus "inextricably intertwined" with the state court judgments, and this Court lacks jurisdiction over them. *See* Davis v. Bayless, 70 F.3d 367, 375-76 (5th Cir. 1995).

Plaintiff's one new theory is the following:

> It is also to be noted that Defendant AHMSI[] never disclosed or identified itself to the Plaintiff in writing as a debt collector trying to collect a debt and to whom the debt was owed[,] violating [the] FDCPA[.] 15 U.S.C. [§] 1692e(11), 15 U.S.C. [§] 1692g(a)(1) and 15 U.S.C. [§] 1692g(a)(2).[27]

---

[27] Document No. 18, ex. 2 at 6.

12

The FDCPA requires that a debt collector in its "initial communication" to a consumer give notice that the debt collector is attempting to collect a debt.  15 U.S.C. § 1692e(11).  Plaintiff has alleged no facts supporting a justifiable inference that AHMSI ever directed an "initial communication" to Plaintiff, or any communication at all, except in its formal pleadings made in connection with a legal action.  Formal legal pleadings in legal actions do not trigger the FDCPA requirements cited by Plaintiff.[28]

Furthermore, even if AHMSI had sent to Plaintiff an initial notice separate from its pleadings, that fact would have been well known to Plaintiff and could have been alleged ten months ago when he filed his original complaint.  Moreover, the Court takes judicial notice of Plaintiff's long history of raising spurious and frivolous legal arguments to obstruct being ousted from the property on which he stopped paying his mortgage more than five years ago.  This disgraceful history can lead to no conclusion other than that Plaintiff's proposed amendment is simply one

---

[28] *See* 15 U.S.C. § 1692e(11) (identification requirement does not apply to a "formal pleading made in connection with a legal action"); 15 U.S.C. § 1692g(d) (formal pleading in a civil action does not constitute an "initial communication"); *see also* <u>Tourgeman v. Collins Fin. Servs., Inc.</u>, No. 08-CV-01392, 2009 WL 6527757, at *3 (S.D. Cal. Aug. 6, 2009) (dismissing section 1692g claims where plaintiff failed "to allege any actual communications other than the state court summons and complaint"); <u>Hill v. Javitch, Block & Rathbone, LLP</u>, 574 F. Supp. 2d 819, 821, 823-24 (S.D. Ohio 2008) (dismissing section 1692g claims for failure to state a claim upon which relief can be granted where the only "initial communication" alleged was a state court summons and complaint).

further filing that evinces bad faith, dilatory motive, and an abuse of the judicial process.   Justice would not be served by allowing the amendment, and the motion for leave to amend is denied.

## IV.   Other Defendants

Because Plaintiff's claims against Janssen are all intertwined with the alleged claims of wrongdoing by AHMSI and Wells Fargo,[29] and also because Plaintiff has stated no cause of action against Janssen upon which relief can be granted, the claims against Janssen will also be dismissed.   No other named defendant has been served with process, and those not served are dismissed.   Fed. R. Civ. P. 4(m).[30]

---

[29] Rooker-Feldman may *not* be invoked *against* a plaintiff who was not party to the prior state-court action.   *See* Lance v. Dennis, 126 S. Ct. 1198, 1200-1203 (2006).   Plaintiff erroneously argues the reverse of this principle, namely, that Defendant Janssen cannot invoke Rooker-Feldman against Plaintiff because *Janssen* was not a party to either state court action.   "It has been found that . . . a nonparty [to the state action] can invoke the rule that a party to the state action cannot invoke federal jurisdiction to seek indirect review of a state judgment."   18B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4469.1, at Supp. 16 (Supp. 2010); *see also* Tal v. Hogan, 453 F.3d 1244, 1257 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 1334 (2007) ("[The] addition of new defendants in federal court . . . does not change the nature of the underlying state court ruling . . . .").

[30] Additionally, Plaintiff has not alleged any non-frivolous claim against the Defendants not served.

## V.   Sanctions Warning

Plaintiff is WARNED that if he continues to multiply proceedings regarding the foreclosure and AHMSI's possession "unreasonably and vexatiously," he may be required "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."   28 U.S.C. § 1927.

## VI. Order

Accordingly, it is

ORDERED that  American Home Mortgage Servicing, Inc. and Wells Fargo Bank, N.A.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 14) and Janssen & Associates's Rule 12(b)(6) Motion to Dismiss (Document No. 13) are both GRANTED, Plaintiff's Emergency Motion for Stay (Document No. 2) and Plaintiff's Amended Motion for Leave to Amend Complaint (Document No. 18) are both DENIED, and this case is DISMISSED.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 22nd day of September, 2010.


EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

15